## EX PARTE GEORGIA HOLLAND v. THE STATE.

### No. 4303. Decided March 20, 1908.

**Habeas Corpus—Executive Warrant—Name of Relator—Idem Sonans.**

A bare discrepancy in the name of the relator in the executive warrant in extradition proceedings would not authorize this court to disregard the same; and it will be presumed in the absence of a statement of facts that the court below found the identity of relator upon sufficient evidence; besides the names in question are idem sonans.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a habeas corpus proceeding asking release from custody under an executive warrant upon extradition proceedings.

The opinion states the case.

*Lemmon & Lively* and *R. B. Seay,* for appellant.—On question of identity of a person against whom extradition proceedings are directed, and burden of proof on the State: 5 Enc. of Ev., p. 724; People v. Byrnes, 33 Hun. (N. Y.), 98; Johnson v. Riley, 13 Ga., 97; Church on habeas corpus, p. 851, sec. 480a; Freeman v. Loftis, 51 N. C., 524; Toole v. Peterson, 31 N. C., 180; People v. Cline, 44 Mich., 290; Corey v. Moore, 86 Va., 721; Robertson v. Flanders, 29 Ind., 10.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Relator filed an application for a writ of habeas corpus before the Hon. W. W. Nelms, Judge of the Criminal District Court of Dallas County, Texas, which was granted, and upon hearing thereof, relator was remanded to the custody of the sheriff of Dallas County. It appears that an executive warrant had been properly issued for the relator. The executive warrant designates relator's name to be Georgia Holland; she (relator) says her name is Georgia Harland. In the first place, this is idem sonans. Furthermore, we will presume that the party wanted is the one that is arrested. There is no statement of facts, and there is no evidence in this record to show the contrary. We will therefore presume that the court below found the identity of relator from sufficient evidence. A bare discrepancy in the name would not authorize this court to disregard the executive warrant as shown by this record. It is properly signed up by the Governor of this State, and we hold that there is no merit in relator's contention.

The judgment of the lower court is in all things affirmed.

*Affirmed.*