## Ex parte JOWELL. (No. 5842.)

(Court of Criminal Appeals of Texas. June 25, 1920.)

**1. Habeas corpus ⊙═90—Refusal to grant continuance to take depositions held error.**

Where relator in habeas corpus proceedings had been arrested on an extradition warrant issued by the Governor at the request of the Governor of Montana, refusal of an application for continuance to take depositions to show that he was not in the state of Montana at the time of the alleged offense nor thereafter was error, since, if the application for continuance was true, relator was entitled to his discharge.

**2. Habeas corpus ⊙═92(2)—Question of identity must always be considered in extradition cases.**

In habeas corpus proceedings brought by one arrested on an extradition warrant, the question of identity is always one to be considered.

**3. Habeas corpus ⊙═85(2)—Degree of certainty of evidence requiring remand for extradition stated.**

Evidence in habeas corpus proceedings remanding for extradition should have that degree of certainty which would justify the magistrate to commit the accused.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Mel B. Jowell was arrested on an extradition warrant and he brings proceedings in habeas corpus. A continuance to take depositions was denied, and relator appeals. Reversed and remanded.

Culton & Taylor, of Tulia, and Williams & Martin, of Plainview, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was arrested on extradition warrant issued by the Governor of Texas on the demand of the Governor of the state of Montana. Habeas corpus proceedings were instituted by relator for his discharge.

The evidence discloses that against relator in the state of Montana was filed an affidavit made by the county attorney of Beaverhead county, Mont.. It is direct and positive in its terms. He was placed as a witness on the trial of the habeas corpus proceeding, and testified substantially that he knew nothing of the transaction, nor had he seen relator in Montana, nor in possession of the alleged stolen property.

The contention of relator is that he was not in Montana at the time of the occurrence and had not been in that state for practically six months prior to the alleged theft. This turned largely upon the identity of the party who was seen in possession of the stolen property. The county attorney testified that he did not see him and knew nothing about it. This is the substance of his testimony. Another witness stated that he saw at some point in Beaverhead county, Mont., two men with the supposed stolen horses; that he had never seen relator before and not since until he saw him upon the trial of his case, or at least after the witness had come to Texas. His impression and belief was that it was relator, but this was predicated mainly upon the description he gave to other parties in Montana, who said that it was the relator. While he believed relator was the party he saw, yet he was unwilling to identify or swear to him as being the same party. This was the case on identity.

To meet this relator took the witness stand in his own behalf and testified, at length, that he had been discharged from the penitentiary in Montana in January before the alleged theft of the horses about the 1st of the following July; that he immediately left the state of Montana, and had not been in that state since and up to the time of his trial on the writ of habeas corpus. He went into detail of his movements at length, showing where he was and what he was doing and the business in which he was engaged, and his route of travel, and the names of parties whom he met and saw. If his testimony is to be credited, he was not in Montana and has not been in Montana since the 8th of January preceding the alleged theft in July. He was at Vallejo, Cal.; was also in the employment of the marine service on the coast of California; was in Arizona as late as the 19th of June; that at that point he saw the sheriff of the county and borrowed money through the instrumentality of the sheriff (the sheriff's name was Slaughter; the testimony shows he was related to the late C. C. Slaughter of Texas); that he left his auto in which he had been traveling for repairs and returned to California. It is unnecessary to follow his testimony in detail. It is quite voluminous. The trial court saw proper to disregard his testimony. Relator, however, sought a continuance to take the depositions of a number of witnesses at the various points in which he said he had been and which would preclude the idea he was ever in the state of Montana after leaving it in January. These were disinterested witnesses, while relator himself was not, in the result of his case.

[1, 2] We are of opinion that the court should have permitted him to take the depositions of these witnesses. Relator either in his application committed perjury in stating the facts or they were true. If true, he was entitled to his discharge. The facts stated by him could not be true and the requisition from Montana justified. The question of identity is always one to be considered in cases of this character. See

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Branch's Ann. P. C. 155; Ex parte Malone v. State, 35 Tex. Cr. R. 301; Ex parte Stockdale v. State, 54 Tex. Cr. R. 100; 19 Cyc. 100. Mr. Branch thus states the rule:

"If the alleged fugitive raises the question of identity, a finding of the district judge that he is the party wanted will be sustained if the evidence supports such finding, no matter what name he went by in this state"—citing Ex parte Holland, 53 Tex. Cr. R. 301, 108 S. W. 1181; Ex parte Stockdale, 54 Tex. Cr. R. 100, 111 S. W. 1199.

See 19 Cyc. 100.

"The question of the identity of the person arrested with the fugitive demanded is open to state and federal courts on habeas corpus." People v. Byrnes, 33 Hun (N. Y.) 98; People v. City Prison, 3 N. Y. Cr. 370; State v. Daniels, 6 Pa. L. J. 417, note; In re Greenough, 31 Vt. 279; In re Leary, 15 Fed. Cas. 106, No. 8162.

Parol evidence is always admissible to show the accused is not in fact a fugitive. Wilcox v. Nolze, 34 Ohio St. 520; 19 Cyc. 94. Quoting from Cyc.:

"Whether he is a fugitive from justice is a question of fact upon which the opinion of the Governor expressed in the warrant itself is prima facie evidence; which, however, may be rebutted under a writ of habeas corpus by admissions or other conclusive evidence."

In note 79, above cited, we find this quotation:

"We are of the opinion that the warrant of the Governor is but prima facie sufficient to hold the accused, and that it is open to him to show by admissions, or by other conclusive evidence, that the charge upon which extradition is demanded assumes the absence of the accused person from the state." Hyatt v. People, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; Bruce v. Rayner, 124 Fed. 481, 62 C. C. A. 501; Eaton v. West Virginia, 91 Fed. 760, 34 C. C. A. 68; In re Bloch (D. C.) 87 Fed. 981.

See, also, People v. Hyatt, 172 N. Y. 176, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706; Jackson v. Archibald, 12 Ohio Cir. Ct. R. 155; Com. v. Trach, 3 Pa. Co. Ct. R. 65; In re Tod, 12 S. D. 386, 81 N. W. 637, 47 L. R. A. 566, 76 Am. St. Rep. 616. Burden of showing he is not a fugitive rests on the prisoner when a proper warrant has issued. State v. Justus, 84 Minn. 237, 87 N. W. 770, 55 L. R. A. 325; State v. Clough, 71 N. H. 594, 53 Atl. 1086, 67 L. R. A. 946; Katyuga v. Cosgrove, 67 N. J. Law, 213, 50 Atl. 679.

[3] Had the case rested upon the testimony of the relator only, we would be of opinion that the court may probably have been justified in remanding, although the witness Erwin was quite indefinite in his identification. In the face of the positive evidence of relator as to places, times, circumstances, and names of parties by whom he could prove his identity at those places, which would show his absence from Montana, we are of opinion that he was entitled to the absent testimony, and the court should have so ruled. It may be stated that the evidence remanding for extradition should have that degree of certainty which would justify the magistrate to commit the accused. Ex parte Morgan (D. C.) 20 Fed. 298. This view is somewhat enhanced by a statement in the bill of exceptions to the effect and verified by the judge as being true that the evidence is not contradicted that relator was not in Montana at the time.

"It is not an open question as to the authority of courts of this state to go behind the executive warrant, in order to examine and review the grounds upon which the Governor may have issued his extradition warrant. Ex parte Thornton, 9 Tex. 635; Ex parte Rowland, 35 Tex. Cr. R. 108; Ex parte Hart, 63 Fed. 260; Bruce v. Payner, 124 Fed. 481; Roberts v. Riley, 116 U. S. 80; State v. Richardson, 34 Minn. 115; People ex rel. Lawrence v. Brady, 56 N. Y. 190."

The above is a quotation from Ex parte Cheatham, 50 Tex. Cr. R. 53, 95 S. W. 1079. For further elucidation of the question, see that case; also see 2 U. S. Statutes Annotated (Judiciary) p. 877 et seq.

We are therefore of opinion this judgment should be reversed and remanded, that the relator may secure the evidence sought by him.