### Ex Parte J. O. Story.

#### No. 8676.   Decided April 30, 1924.

**Habeas Corpus—Extradition—Identity.**

Where relator tendered the issue of identity, and the evidence showed that neither at the time of the offense nor since was the relator in the demanding State of Indiana, he should have been discharged. Following: Ex Parte Jowell, 87 Texas Crim. Rep., 556.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a habeas corpus proceeding involving extradition of relator.

The opinion states the case.

*O. D. Thompson,* for relator.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—Relator is held under an executive warrant issued upon the requisition of the Governor of the State of Indiana. Upon a habeas corpus hearing, the district judge of Potter County refused to release him. Hence, this appeal.

J. O. Storey was indicted for the offense of robbery with firearms on the first day of July, 1921, the alleged offense having on that day been committed in the State of Indiana. The relator was arrested at Amarillo, Texas, and upon the trial tendered the issue of identity. The evidence introduced is affirmative and uncontroverted that neither at the time of the offense nor since was the relator in the State of Indiana. Upon proof of this fact he should have been discharged.

97 T. C.—24.

The matter of identity was available to him, was properly invoked, and should have been determined in his favor. The authorities upon the subject are collated in the case of Ex Parte Jowell, 87 Texas Crim. Rep., 556.

The judgment is reversed and the relator ordered discharged.

*Discharged.*