## EX PARTE A. LETWICK.

No. 22431. Delivered January 13, 1943.
Rehearing Granted February 24, 1943.

The opinion states the case.

*Edward Dwyer* and *Leonard Brown,* both of San Antonio, for appellant.

*Gerald Mann,* Attorney General, *Benjamin Woodall,* and *E. G. Pharr,* Assistant Attorneys General, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This appeal is from an order of the district court of Bexar County refusing to release appellant from the custody of the sherff of said county and grows out of extradition proceedings in which the State of Colorado is seeking to have the appellant returned to that State to answer a felony charge against him, in the name of Albert Levine, alias "Bootlegger." The proceeding before the Governor is found in the record and it appears that on July 13, 1942, the Honorable Coke R. Stevenson, in his capacity as Governor and after hearing, granted the application to the State of Colorado and ordered appellant arrested and delivered to an agent of that State in manner provided by law. On the 5th day of December, 1942, the proceeding from which this appeal comes was instituted before Honorable W. W. Mc-Crory, District Judge of Bexar County.

It was alleged in an amended petition that appellant was illegally restrained and wrongfully charged with being a fugitive from justice, that he was guilty of no offense against the laws of the State of Colorado, that he is not the person alleged to be a fugitive from the State of Colorado and named in the proclamation of the Governor, that he was not in the State of Colorado at the time the offense was alleged to have been committed, and he prays for his release. Neither the original petition nor the

amended petition were sworn to by the appellant but signed and sworn to by Edward Dwyer, as an attorney, as being "true according to the best of my belief." The appellant did not testify on the hearing and the allegations are not supported by any evidence in the case. The relief sought was denied. No brief is filed by appellant and we are not advised of the ground upon which a reversal is sought other than that set forth in the very exhaustive brief filed by the Attorney General, which anticipates the same contention before this Court as was made before the District Court, which was that the laws of Colorado did not authorize prosecution for felony violations upon complaint and information and that the prosecution is now barred by the statute of limitation.

We find introduced in evidence and brought forward in the statement of facts articles of the statute of Colorado pertaining to the subject which support the judgment rendered in the court below.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant bases his motion for rehearing upon the proposition that the evidence offered upon the habeas corpus hearing did not show that appellant was the same person named in the requisition and extradition warrant, nor that he was the same person against whom the prosecution in the State of Colorado was pending. The point thus made was not urged upon original submission; in fact, no brief for appellant was filed.

That the question of the identity of the party sought to be extradited with the party under prosecution in the demanding state can be raised in habeas corpus proceeding is not open to debate. Branch's Ann. Tex. P. C., Sec. 248; Ex parte Jowell, 87 Tex. Cr. R. 556, 223 S. W. 456; 22 Am. Jur., Sec. 20, p. 258.

The prosecution in Colorado was against "Albert Levine, alias Bootlegger." The requisition from the Governor of Colorado, is not in the statement of facts. It is stated therein that it was offered in evidence but the instrument shown is the designation of E. S. Niles to return the fugitive who is named in said designation as "Albert Levine, alias Bootlegger." The extradition warrant issued by the Governor of Texas directs the arrest and return to Colorado of the same named party.

Under said warrant the appellant here, A. Letwick, was arrested and it was being sought to take him to Colorado under the order authorizing the return of Levine.

Upon the question of identity the only witness was Mr. Niles, who testified that he had been designated to take back to Colorado a man named Levine, and was here for the purpose of taking back the man in custody by the name of Letwick, and that Letwick was the man designated as "Bootlegger," and was the "man the victim identified." He said appellant was identified by pictures and by his finger prints. Witness said he knew nothing about finger prints himself, but had been informed by "someone" that the finger prints were the same. Witness again asserted that appellant was the man witness came after. At one place in his testimony witness said: "If you will let me have those papers I will show you the pictures the victim used to identify him." Whether the pictures were produced and exhibited to the trial judge is not shown. If so, we are unable to know from the record whether they purported to be pictures of Levine which the trial judge could see resembled appellant or whether they were pictures of appellant which someone in Colorado had identified as Levine. The witness evidently believed Levine and Letwick was one and the same person, but very honestly testified as his closing words: "I am going solely upon what someone told me that this is the man." Witness had never seen appellant in Colorado, but saw him for the first time in jail at San Antonio.

From what has been said it appears clearly that in the record before us there is no evidence of probative force that identifies Letwick (the appellant) with Levine.

The motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court remanding relator is reversed and the relator is ordered discharged.