## Ex Parte John Wagner.

No. 26,187. February 18, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) April 8, 1953.

*Bernard A. Golding,* Houston, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an extradition case wherein relator, in the court below, appellant, here, was arrested and taken into custody by virtue of the executive warrant of the Governor of this State,

issued upon the requisition of the Governor of the State of Missouri, where relator is alleged to be under accusation for obtaining money under false pretenses.

Appellant sought his discharge from said arrest by writ of habeas corpus before the judge of the Criminal District Court No. 2 of Harris County.

After hearing, the relief prayed for was denied and relator was remanded to the custody of the arresting officer.

From that order, notice of appeal was given to this court.

The executive warrant of the Governor of this state, offered in evidence by respondent, was in all things regular upon its face and furnished prima facie proof that relator was lawfully held in custody under extradition. Ex parte Norris, 154 Tex. Cr. R. 68, 225 S. W. 2d 193.

Relator contends that the requisition did not comply with the mandatory provisions of Art. 1008a, Sec. 3, of the Code of Criminal Procedure, in that there was no affidavit made before a magistrate charging relator with the alleged offense nor was there an indictment attached thereto.

The statement of facts does not disclose that the requisition and accompanying papers were offered in evidence upon the instant hearing.

There is a stipulation in the statement of facts that relator was furnished, by delivery thereof to his counsel, the requisition papers upon which the executive warrant of the Governor of this state was issued.

To the application for the writ of habeas corpus there are attached what relator represents to be the papers served upon him. These were not offered in evidence and were before the court only as a matter of pleading, and are not otherwise authenticated in the record.

A mere matter of pleading does not constitute proof of the facts alleged therein.

The executive warrant under which relator is held in custody recites that the demand of the executive of the demanding

state was accompanied by a copy of the "AFFIDAVIT MADE BEFORE A MAGISTRATE duly certified as authentic by the Governor of said State."

The record before us does not defeat or overcome the prima facie case made by the executive warrant.

Relator introduced evidence to the effect that he was not in the demanding state at the time the offense charged was alleged to have been committed.

The evidence relied upon is not sufficiently clear and convincing to authorize us to say that the trial court abused his discretion in the matter.

The provisions of the Uniform Criminal Extradition Act (Art. 1008a, Vernon's C. C. P.) do not require that the alleged fugitive be accorded a hearing before the issuance of the executive warrant.

We are unable to agree with relator that due process of law requires a hearing as a condition precedent to the issuance of the executive warrant.

No error appearing, the judgment is affirmed.

Opinion approved by the court.