EX PARTE THOMAS WARD MOORE.

No. 26,321. March 25, 1953.

No attorney for relator of record on appeal.

*Henry Wade,* Criminal District Attorney, *William Alexander* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the State.

DAVIDSON, Judge.

This is an extradition case.

Relator in the court below, appellant here, is under arrest by virtue of the executive warrant of the Governor of this state upon the requisition of the Governor of the State of Wisconsin, where relator stands charged by complaint with the crime of selling mortgaged property.

By writ of habeas corpus before the judge of the Criminal District Court No. 2 of Dallas County, relator sought his discharge from such arrest and custody. After hearing, the relief prayed for was denied. Hence this appeal.

The requisition and accompanying papers were in all things sufficient to warrant the Governor of this state to honor the demand and issue his executive warrant. In addition thereto, witnesses from the State of Wisconsin identified relator not only as the person charged with the alleged crime but as the guilty party.

If we understand relator's contention, it is that he was not furnished with copies of a complete set of the instruments accompanying the requisition, as provided by Sec. 3 of Art 1008a, Vernon's C. C. P., known as the Uniform Criminal Extradition Act.

The applicable provisions of said Sec. 3 of said Act read as follows:

"The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney."

This provision of the statute is directory only, and becomes mandatory only when request has been made by the alleged fugitive for the copies of the instruments mentioned.

As we understand the instant record, relator was, upon his request, furnished the copies of the instruments mentioned. The provisions of the statute were therefore complied with.

The governor of the asylum state is not required to grant a hearing to the alleged fugitive before recognizing the requisition and issuing his executive warrant (22 Am. Jur., Extradition, Sec. 44, p. 281), but may do so at his discretion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.