EX PARTE GEORGE FUQUA

No. 27,731. October 19, 1955

*McCarthy, Rose & Haynes, (S. F. Rose, of counsel)* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an extradition case, appellant having unsuccessfully sought release from an order remanding him to custody for delivery to the agent of the state of Oklahoma.

The executive warrant issued by the Governor of this state was offered in evidence and appears regular on its face.

It is contended, however, that the executive warrant is not sufficient because of the following facts shown in this record.

The requisition by the state of Oklahoma was offered in evidence. It was dated November 12, 1954, and bore the signature of "James E. Berry, Governor of Oklahoma."

Oral Ridgeway, investigator for the county attorney of Comanche County, Oklahoma, was called as a witness by appellant and testified in part:

"Q. Well, who is Governor of Oklahoma? A. Johnson Murray.

"Q. Was he Governor of Oklahoma on the 12th day of November, this year? A. If he was in the state, he was.

"Q. Well, he is Governor, whether in the state or not? A. Yes sir.

"Q. That is all.

"Q. (By Mr. Hamilton.) Who is James E. Berry? A. He is Lieutenant Governor.

"Q. That is all."

The requisition in question appears to be attested by the secretary of state and bears the "great seal of the State of Oklahoma."

The question raised is whether or not there was a burden resting on the state, at the hearing of appellant's application for release, to show that the Governor was out of the state on the date in question, or otherwise to show that the Lieutenant Governor was authorized to sign the requisition as Governor.

The requisition being attested and having been acted upon by the Governor of this state, the burden was upon appellant to overcome the prima facie proof of the existence of every fact which the Governor of this state was obliged to determine before issuing the extradition warrant. Ex parte Noble, 151 Texas Cr. R. 1, 198 S.W. 2d 893; Ex parte Wagner, 158 Texas Cr. R. 444, 256 S.W. 2d 98; Ex parte Norris, 154 Texas Cr. R. 68, 225 S.W. 2d 193.

This would necessarily include the burden to show that the Lieutenant Governor was without authority to sign the requisition as Governor of Oklahoma.

The burden of showing that appellant, the identical person for whom the executive warrant was issued, was not the person charged in the demanding state was also upon appellant, under the above rule and authorities. See also Ex parte Cox, 274 S.W. 2d 549; Ex parte McMillan, 156 Texas Cr. R. 355, 242 S.W. 2d 384; Ex parte Lancaster, 254 S.W. 2d 385.

The judgment is affirmed.