## FRANK BEARD V. STATE

No. 28,070. March 7, 1956.

*Baldwin & Goodwin,* by *Joe B. Goodwin,* Beaumont, for appellant (on appeal only).

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for felony theft; the punishment, two years.

The state's case was predicated upon the theory that appellant and his co-principal obtained the check alleged to have been stolen by the false representation and pretext that certain shares of stock would be delivered to the drawer of the check in about two weeks, when in truth and in fact appellant had no intention of delivering such stock; and that having so acquired said check, appellant appropriated it to his own use and benefit.

The theory is further suggested that the stock was represented to be of great value when in truth and in fact it was of little or no value; that appellant knew that fact and, had

it been delivered within the time agreed upon, the drawer of the check would nevertheless have been deprived of his check by fraud and false pretense, and that such was the intent of appellant when he received it.

The record shows that the check was delivered on February 10, 1954; that complaint was filed against appellant about March 28, 1954; and that on the 16th or 17th of April the stock was tendered to appellant by Mr. Flato, the president of the company, and a Mr. White; that the drawer of the check refused to accept the stock but signed some character of receipt or transfer and was reimbursed the amount of the check.

There is also testimony to the effect that the stock would have been delivered before any complaint was filed but for the fact it was by inadvertance mailed to Abilene instead of Anson.

Our able state's attorney confesses that the evidence is insufficient to sustain the conviction and points to the absence of proof that the stock was worthless and that appellant knew such fact.

We are inclined to agree with our state's attorney that the evidence is insufficient to sustain a finding by the jury that appellant obtained the check intending at the time that the shares of stock would not be delivered "in about two weeks," or knowing that the shares of stock were of little or no value.

The judgment is reversed and the cause remanded.