EX PARTE EUNICE MARY WAGGONER

EX PARTE SARAH OPAL BAKER

Nos. 28,427 — 28,428. June 30, 1956.
Appellants' Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*E. Colley Sullivan,* Dallas, for appellants.

*Henry Wade,* Criminal District Attorney, *Harvey Lindsay, A. D. Bowie* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

These are extradition cases wherein the appellants, by joint application for writs of habeas corpus, sought their discharge from the custody of Hon. Bill Decker, Sheriff of Dallas County, Texas.

From orders entered by the trial judge denying their application for discharge and remanding them to the custody of the sheriff for extradition to the State of Tennessee appellants have perfected their appeals to this court.

The cases having been jointly heard in the trial court, the separate appeals will be jointly considered and determined by this court.

No briefs have been filed on behalf of appellants.

Upon the hearing, the state offered in evidence the executive warrants issued by the Governor of this state commanding the arrest of the appellants, which warrants recited that they were issued upon demand of the Governor of the State of Tennessee to arrest appellants, who stood charged by indictments in that state, copies of which accompanied the demands, with the crimes of larceny and receiving stolen property, and who had taken refuge in this state.

Appellants did not testify or offer any witnesses in their behalf.

The executive warrants issued by the Governor of this state appear regular upon their face and are prima facie proof that the appellants, when produced before the court by said sheriff at the time of the habeas corpus hearing, were being legally held in custody for extradition to the State of Tennessee. Delgado v. State, 158 Tex. Cr. R. 52, 252 S.W. 2d 935; and Ex Parte Patricia Parkinson, 160 Tex. Cr. R. 369, 271 S.W. 2d 638.

The judgments remanding each of appellants to custody are affirmed.

Opinion approved by the Court.