## EX PARTE RAYMOND HOOVER

No. 28,797. February 13, 1957.

*McCarthy, Rose & Haynes (George S. McCarthy* of Counsel), Amarillo, for appellant.

*Wayne Bagley,* District Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from an order remanding appellant to custody for extradition to the state of Michigan.

At the hearing the respondent offered the Executive Warrant of the Governor of Texas, regular upon its face, authorizing the arrest and return of appellant to the state of Michigan upon demand of the governor of that state to answer a charge of felonious assault pending against him in that state.

Under many decisions of this court a prima facie case authorizing the remand of the relator to custody for extradition was made out by the introduction in evidence, at the habeas corpus hearing, of the executive warrant of the Governor of Texas, regular on its face. Ex parte Berry, 139 Texas Cr. Rep. 67, 138 S.W. 2d 813; Ex parte Noble, 151 Texas Cr. Rep. 1, 198 S.W. 2d 893; Ex parte Norris, 154 Texas Cr. Rep. 68, 225 S.W. 2d 193; Ex parte Raulie, 155 Texas Cr. Rep. 616, 237 S.W. 2d 998; Ex parte McMillan, 156 Texas Cr. R. 355, 242 S.W. 2d 384; Ex parte DuBois, 156 Texas Cr. Rep. 463, 243 S.W. 2d 698; Ex parte Wagner, 158 Texas Cr. Rep. 444, 256 S.W. 2d 98; Ex parte Teplitz, 159 Texas Cr. Rep. 94, 261 S.W. 2d 567; Ex parte Strongson, 160 Texas Cr. Rep. 456, 272 S.W. 2d 353; Ex parte Fuqua, 162 Texas Cr. Rep. 126, 283 S.W. 2d 50; Ex parte Falkman, 162 Texas Cr. Rep. 230, 284 S.W. 2d 153; Ex parte Guinn, 162 Texas Cr. Rep. 293, 284 S.W. 2d 721; Ex parte Wiggins, 289 S.W. 2d 278; Ex parte Waggoner, 162 Texas Cr. Rep. 509, 293 S.W. 2d 661.

The respondent went further and offered a witness who identified appellant as the person who was in the demanding state of Michigan and who committed the assault.

The state also offered in evidence photostats of the demand or requisition of the Governor of Michigan and it was admitted over the objection that it had not been certified.

Since the respondent was not bound to introduce the demand or requisition, appellant is in no position to complain that it was but a photostat.

Section 3 of Art. 1008a, V.A.C.C.P., sets out the requisites for the issuance of an executive warrant for extradition, and provides that duplicate copies of the instruments upon which it is issued shall be delivered to the defendant or to his attorney. Under the provisions of Section 10 of said statute, the person for whose arrest the executive warrant issues must be given time in which to apply for writ of habeas corpus if he desires to test the legality of his arrest.

Upon the hearing before the court the rule applicable in

other habeas corpus proceedings applies, and the executive warrant being offered which is regular on its face, the burden rests upon the relator to show that his arrest and confinement under such warrant is illegal.

There is no doubt that the prima facie case made by the introduction at the habeas corpus hearing of the executive warrant may be destroyed by evidence offered by the respondent as well as by evidence offered for that purpose by the relator. Ex parte Harck, 160 Texas Cr. Rep. 602, 274 S.W. 2d 74.

There is no evidence in this record which would in any manner show that appellant's arrest for extradition under the Executive Warrant was not in compliance with Art. 1008a V.A.C.C.P.

The judgment remanding appellant for extradition is affirmed.