## EX PARTE MIKE KAUFMAN.

No. 30,382. March 25, 1959.
Motion for Rehearing Overruled April 29, 1959.

DAVIDSON, Judge, dissented.

*Jerry Murad,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from an order entered in a habeas corpus case remanding appellant to custody for extradition to Iowa.

The executive warrant issued by the Governor of Texas directing the arrest of Mike Kaufman and his delivery to the agent of the State of Iowa, for return to that state, was made a part of Sheriff Wright's return on the writ of habeas corpus and was offered in evidence over the objection that appellant had not been identified as the Mike Kaufman named therein.

The sole question raised on this appeal is presented by this ruling.

Appellant concedes that when the evidence shows that a proper executive warrant has been issued for the extradition of the relator, it is then incumbent upon him to show that he is not the person charged in the demanding state. We have so held in many cases, including: Ex parte McMillan, 156 Texas Cr. Rep. 355, 242 S.W. 2d 384; Ex parte Cox, 274 S.W. 2d 549; Ex parte Lancaster, 254 S.W. 2d 385; Ex parte Quale, 164 Texas Cr. Rep. 313, 298 S.W. 2d 174; Ex parte Fuqua, 162 Texas Cr. Rep. 126, 283 S.W. 2d 50; Ex parte Hoover, 164 Texas Cr. Rep. 251, 298 S.W. 2d 579; Ex parte Shirley, 164 Texas Cr. Rep. 447, 299 S.W. 2d 579; Ex parte Shirley, 164 Texas Cr. Rep. 447, 299 S.W. 2d 701; Ex parte Key, 164 Texas Cr. Rep. 524, 301 S.W. 2d 90.

This is not, however, the identity issue which appellant suggests. It is his contention that Sheriff Wright, the respondent, failed to discharge the burden resting upon him to show that the Mike Kaufman named in the executive warrant was the identical Mike Kaufman who was arrested under said warrant and became the relator in the habeas corpus proceeding.

The executive warrant under which appellant was held for extradition and which was attached to the sheriff's return of the writ of habeas corpus was properly admitted in evidence.

Appellant correctly contends that the burden of proof is upon the demanding state to show that the person taken into custody and held for extradition is the identical person named in the Governor's Warrant, where such identity is put in issue.

The rule applicable is thus stated in 39 C.J.S., Sec. 39(a), p. 551-2:

"A mistake in identity, in that the person held for extradition is not in fact the person demanded or named in the governor's warrant, may be shown on habeas corpus and is ground for discharge. The burden of proof is on the demanding state to show identity of prisoner with accused where such identity is put in issue. Although it has been held that the identity of the person taken in custody with the person who is claimed as a fugitive from justice must be clearly established, it is generally held that the burden of going forward with the evidence shifts to the prisoner where a prima facie case of identity is made out, as by the presumption arising from identity of name."

Appellant offered no evidence to meet such presumption. Instead he offered in evidence the requisition and the supporting papers from the demanding state among which was the application for requisition made by the county attorney of Polk County, Iowa, which avers in part: "7a. That the accused is in custody of the Sheriff of Tarrant County, at Fort Worth, Texas; hearing set for January 25, 1958, on fugitive warrant. Now under arrest."

This evidence clearly brings the case within the holding in Ex parte McMillan, 156 Texas Cr. Rep. 355, 242 S.W. 2d 384, wherein upon similar facts we said:

"The evidence showing that proper executive warrant had been issued for the extradition of relator, the person then in custody of the Sheriff of Reeves County, at Pecos, it was incumbent upon relator to show that he was not in fact the person wanted by the state of New York for the offense charged.

"In absence of such proof, the district judge was correct in remanding relator. See Ex parte Jowell, 87 Texas Cr. Rep. 556, 223 S.W. 456, 11 A.L.R. 1407; Branch's Ann. P.C., p. 155, Sec. 248."

The identical name alone, in the absence of issue being raised, appears under the rule above quoted from Corpus Juris Secundum to be sufficient to require the relator to go forward with proof to the contrary. Ex parte Holland, 53 Texas Cr. Rep. 301, 108 S.W. 1181, supports such rule. See also 84 A.L.R. 341. We have found no decision to the contrary in this or any other state.

No evidence was offered that appellant was not the Mike Kaufman named in the Governor's warrant. The supporting papers he offered sustained the prima facie case made by the identity of name and showed that the person the Governor ordered extradited was the Mike Kaufman who was in custody of the sheriff of Tarrant County on fugitive warrant.

We desire to make it clear that we do not hold or suggest that the presumption arising from the executive warrant and identity of name cannot be overturned. Had issue been raised that appellant was not the Mike Kaufman the Governor of Texas ordered extradited, or had appellant so testified or offered evidence to that effect, the presumption from the identity of name would have been destroyed and would not constitute evidence on the issue of identity.

The judgment remanding relator to custody for extradition is affirmed.

DAVIDSON, Judge, (dissenting).

I agree, and concur with my brethren, that the prima facie case made by the executive warrant, or the presumption arising thereunder, may be overturned by any competent evidence, including that of the accused or person sought to be extradited.

I do not agree that in order to overcome such prima facie case or presumption, however, it is necessary that the accused —or relator—introduce evidence in order to raise the issue of his identity as the person charged in the demanding state.

It is my conclusion that when the right to extradite under the executive warrant is challenged by the writ of habeas corpus the issue of identity is drawn and presented, because when the writ of habeas corpus is issued the burden of proof rests primarily upon the respondent to show the lawfulness of the arrest or detention, and until that burden has been met the arrest or detention of the relator is not authorized.

In addition to the legal proposition just asserted, there is another very good and sufficient reason why the executive warrant can not and should not cast upon the arrested person the burden of showing that he has not been lawfully arrested or detained for the purpose of extradition or that he is not the person charged with crime in the demanding state. In support of that proposition, I call attention to the fact that in issuing his

executive warrant in extradition cases the Governor of this state does so upon his own independent idea and notion. The person sought to be extradited has no right to be present or to be heard anterior to the granting of the demand for extradition and the issuance of the executive warrant, and the Governor of this state is in no event bound or required to grant a hearing before issuing his executive warrant. Ex parte Wagner, 158 Texas Cr. Rep. 444, 256 S.W. 2d 98, and Ex parte Moore, 158 Texas Cr. Rep. 407, 256 S.W. 2d 103.

Indeed, in determining whether the demand should be recognized and extradition awarded, the Governor of this state is not required to follow any rules of evidence and may consider and reach his conclusion by any means or methods he chooses. Ex parte Gibson, 149 Texas Cr. Rep. 543, 197 S.W. 2d 109. All of this is said in order to demonstrate that the issuance of the executive warrant by the governor is nothing more or less than a certificate of the chief executive. It is not an adjudication of any fact.

The executive warrant which is here relied upon is addressed to "All and Singular the Sheriffs, Constables, and other Civil Officers of said State." It directed that "Mike Kaufman" be arrested and delivered to the designated agents of the demanding state for extradition.

Under that warrant, each and every peace officer in this state was directed to arrest every "Mike Kaufman" or person bearing that name found anywhere in the state. In his demand, however, the Governor of the demanding state did not ask that each and every "Mike Kaufman" found in the state be arrested and extradited. He asked only for the arrest and extradition of the "Mike Kaufman" who was charged with having committed a certain crime in the demanding state. Thus, a description of the "Mike Kaufman" charged and wanted in that state was contained in the demanding papers.

But the executive warrant did not limit its application to that "Mike Kaufman." Therefore there is nothing in the executive warrant whereby it can be said that the "Mike Kaufman" arrested thereunder was the "Mike Kaufman" described in the demanding papers. In order, then, for the arrest under the executive warrant to be authorized it must be shown that the person arrested was the person who was charged in the demanding state.

When the arrest under the executive warrant was challenged by the writ of habeas corpus, the identity of the person arrested as being the person charged in the demanding state was definitely raised.

The executive warrant furnished no basis or means for determining that the "Mike Kaufman" under arrest was the "Mike Kaufman" wanted in the demanding state.

The issue of identity was made when the writ of habeas corpus was issued. The burden was upon the respondent, upon the hearing under the writ of habeas corpus, to discharge that duty by some legal evidence identifying the appellant as the "Mike Kaufman" under accusation in the demanding state. The executive warrant did not so show and could not be looked to, therefore, to supply that evidence.

Inasmuch as the respondent made no effort to discharge such burden, the judgment remanding appellant should be reversed.

I maintain, as basic, sound, and fair, that no citizen of this state ought to be arrested and extradited against his will to another state unless and until some witness points the accusing finger at him and says: "That is the man who is charged in the demanding state with crime."

If the demanding state can send agents to return the arrested person to the demanding state it can send some witness who can identify him as being the one charged with crime in the demanding state.

I dissent to the affirmance of this case.