## EX PARTE SALLY VIRGINIA TUCKER.

No. 30,766. May 27, 1959.
Motion for Rehearing Overruled June 24, 1959.

*Ivan Irwin, Pete White,* and *Clay C. Scott, Jr.,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *A. D. Jim Bowie, Jack Pevehouse, John Fagan, Merle Flagg, James M. Williamson,* Assistants District Atorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Pennsylvania.

The executive warrant of the Governor of Texas was introduced in evidence.

It recited that the Governor of the State of Pennsylvania had demanded the arrest and delivery of the appellant to an agent of Pennsylvania for return to said state; and it further recited that the appellant stood charged by indictment with the commission of the crime of "Libel on Candidates and Conspiracy" in said state and had taken refuge in Texas, and that said demand was accompanied by a copy of said indictment duly certified as authentic by the governor of said state.

Appellant contends that the failure to furnish her with properly authenticated duplicate copies of the instruments pro-

vided for in Section 3 of Art. 1008a, Vernon's Ann. C.C.P., requires her discharge.

At the hearing and before the court had called for the announcement of ready by the parties, appellant informed the court that she had made demand for the instruments to which she is entitled under Section 3, and that she had not received them.

Appellant strenuously insisted that she was not ready to proceed with the hearing on the writ of habeas corpus until she had received said instruments.

The court proceeded with the hearing over appellant's objections that she had not received said instruments and to such action of the court she excepted.

There is no affirmative showing that the appellant was ever furnished with or came into possession of said instruments.

The courts of this state may go behind the Governor's warrant in order to examine and review the grounds upon which he may have issued it. 1 Branch's Ann. P.C. 2d 308, Sec. 270.

When the extradition warrant issued by the Governor of this state is sufficient on its face and introduced in evidence, the burden is then on the accused to show that the warrant was not legally issued. 1 Branch's Ann. P.C. 2d 309, Sec. 270.

Here, the Governor's warrant, alone, was introduced in evidence, and its recitals in substance are set out above. The state did not introduce any instruments from the demanding state.

The right of the appellant to copies of said instruments is a valuable right conferred by statute and it becomes mandatory upon demand. Art. 1008a, Sec. 3, supra; Moore v. State, 158 Texas Cr. Rep. 407, 256 S.W. 2d 103. Whether the necessary facts exist for the issuance of the extradition warrant, such as the fact that the accused is substantially charged with a crime by indictment or other accusatory pleading as provided by statute duly authenticated by the executive authority of the demanding state or that she is a fugitive from justice is a question of law which is subject to judicial inquiry on the hearing of an application for discharge under a writ of habeas corpus. Therefore, it is evident that such instruments are vitally

essential in considering and determining the legality of his arrest. Art. 1008a, Secs, 3 and 10, supra; 19 Texas Jur. 508, Sec. 19; Ex parter Anderson, 135 Texas Cr. Rep. 291, 120 S.W. 2d 259; Ex parte McMillan, 156 Texas Cr. Rep. 355, 242 S.W. 2d 384.

When the appellant requested said instruments they should have been furnished to her or she should have been granted a reasonable time to obtain them.

This requires a reversal of the order of the trial court denying the relief prayed for. Ex parte Hooper, 166 Texas Cr. Rep. 189, 312 S.W. 2d 673.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.