**Ex parte William F. BLACK.**

No. 37262.

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Rehearing Denied Jan. 6, 1965.

Hope, Henderson & Hohman, by James E. Hope, San Antonio, for appellant.

James E. Barlow, Dist. Atty., John G. Benavides, Raymond A. Wietzel and Earl C. Hill, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an appeal from an order of the 144th District Court of Bexar County remanding relator to the custody of the Sheriff of said county for delivery to an agent for the State of Georgia.

■ At the hearing the respondent offered the executive warrant of the Governor of Texas, regular on its face, authorizing the arrest and return of appellant to the State of Georgia upon demand of the Governor of that State to answer an "Indictment and Sentence" for "Robbery and Receiving Stolen Goods" pending against him in that State.

Under many decisions of this Court a prima facie case authorizing remand of relator to custody for extradition was made out by the introduction in evidence of the executive warrant of the Governor of Texas regular on its face. Ex Parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579, and cases there cited.

. The respondent went further and offered a witness who identified relator as being the person named in the Governor's warrant.

■ Relator offered the supporting papers which had been served upon his counsel prior to the hearing which consisted of a photostatic copy of the Demand of the Governor of Georgia, a photostatic copy of a sworn application of the Assistant Director of the State Board of Corrections to the Governor of Georgia reciting that relator escaped confinement after conviction which is authenticated by the Secretary of State of Georgia, and photostatic copies of authenticated indictments from Fulton County, the Sentence and Bench Warrants.

In Ex Parte Hoover, supra, we said that since respondent was not bound to introduce the demand or requisition, appellant was in no position to complain that they were photostatic copies. The original ex-

·ecutive warrant has been sent to this Court, and we find the same regular in all respects.

The judgment of the trial court is affirmed.