**Ex parte Abraham KRONHAUS.**

**No. 40013.**

Court of Criminal Appeals of Texas.

Jan. 11, 1967.

Frank P. Hernandez, of Hernandez & Cazorla, Dallas, for appellant.

Henry Wade, Dist. Atty., W. John Allison and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in the Criminal District Court No. 5 of Dallas County remanding appellant to custody for extradition to the State of Louisiana.

At the hearing the State, in addition to the Application for Writ of Habeas Corpus and the Writ, introduced the Executive Warrant of the Governor of Texas authorizing the arrest and return of the appellant to the State of Louisiana to answer a charge of Theft, violation Louisiana R.S. 14:67.

Appellant did not testify nor offer any evidence. Upon learning that the State would not offer any supporting papers, appellant, without offering such papers, stated his objections challenging the regularity of the Application for Requisition, Affidavit, Warrant and other supporting papers. These documents are not in the record before this Court, nor does it appear that they were introduced in the trial court.

The introduction of the Warrant of the Governor of Texas, which appears regular on its face, was sufficient to make a prima facie case authorizing appellant's extradition. Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579; Ex parte Williams, 169

**444**

Tex.Cr.R. 192, 333 S.W.2d 146; Ex parte Malone, Tex.Cr.App., 378 S.W.2d 330; Ex parte Escarrega, Tex.Cr.App., 388 S.W.2d 192; Ex parte Cattes, Tex.Cr.App., 399 S.W.2d 543.

The State was not bound to introduce the demand or Requisition papers. Ex parte Hoover, supra; Ex parte Shirley, 164 Tex.Cr.R. 447, 299 S.W.2d 701; Ex parte Black, Tex.Cr.App., 384 S.W.2d 876. Once the Governor's Warrant establishing a prima facie case authorizing extradition was placed in evidence, the burden was then upon appellant to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Fant, Tex.Cr.App., 400 S.W.2d 332.

The Uniform Criminal Extradition Act, Article 51.13, Vernon's Ann.C.C.P., provides in Section 3 thereof that the defendant or his attorney is entitled to duplicate copies of the papers supporting extradition described therein. A failure to furnish such papers upon request is reversible error. Ex parte Holmes, 397 S.W.2d 458; Ex parte Tucker, 168 Tex.Cr.R. 286, 324 S.W.2d 853. There is no showing that the appellant was denied such papers.

This Court has held that the accused opposing extradition may offer into evidence supporting papers accompanying the Warrant of the Governor of Texas and challenge their sufficiency in order to show that the warrant was not legally issued. Ex parte Tucker, supra; Ex parte Goodwin, Tex.Cr.App., 384 S.W.2d 874. He cannot complain about the regularity of the supporting papers which have not been offered. Ex parte Felker, 169 Tex.Cr.R. 607, 336 S.W.2d 161.

The appellant having failed to overcome the prima facie case made by the introduction of the Governor's Warrant, the judgment is affirmed.