Ex parte Mitchell EVANS.

No. 40111.

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

Sam J. Dwyer, Jr., El Paso, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Pennsylvania, to answer indictments charging him with the offenses of burglary, larceny and receiving stolen goods.

At the hearing on the 30th day of June, A.D., 1966, the State offered into evidence the Governor's Warrant of Extradition, the Requisition, and other supporting papers, and rested. The introduction of the Governor's Warrant, regular on its face, established a prima facie case authorizing extradition. Ex Parte Cattes, Tex.Civ.App., 399 S.W.2d 543; Ex Parte Escarrega, Tex.Cr.App., 388 S.W.2d 192. The burden, then, is on the accused to show that the warrant was not legally issued. 1 Branch's Ann. P.C.2d 309, Section 270.

Appellant attacks the sufficiency of the affidavit of the prosecuting attorney, found among the supporting papers, as being based upon information and belief and not sworn to by a person cognizant of the facts therein. He cites as his authority the decisions of this Court in Ex Parte Parker, Tex.Cr.App., 390 S.W.2d 774 and Ex Parte Tucker, 168 Tex.Cr.R. 286, 324 S.W.2d 853.

We have carefully examined the Governor's Warrant and other supporting papers in the record before us. The only affidavit of the Pennsylvania prosecuting attorney in the record is the one attached to his written petition to the Governor of Pennsylvania in accordance with Section 3 of the Uniform Criminal Extradition Act, under which the States of Texas and Pennsylvania operate. Art. 51.13, Texas C.C.P.; 19 P.S. Sec. 191.1–191.31. The affidavit is not one supporting an information or purporting to charge the appellant with a crime in lieu of an indictment. Further, it is not based on information and belief.

Article 51.13, Section 3, Vernon's Ann. C.C.P., provides, in part, as follows:

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found *or* by information supported by affidavit in the State having jurisdiction of the crime, *or* by a copy of an affidavit before a magistrate there, together with a copy of

any warrant which issued thereupon; *or* by a copy of a judgment of conviction or of a sentence imposed in execution thereof * * *."

In Ex Parte Parker, supra, cited by appellant, the proof failed to show that " 'Burglary and Larceny' " could be prosecuted upon an information in Kansas. Furthermore, the information was not supported by affidavit or complaint, and the supporting affidavit of the prosecuting attorney was upon information and belief only. In the case at bar there was no information or affidavit, but the extradition proceedings were based upon the Pennsylvania indictments, exemplified copies of which were introduced into evidence. Ex Parte Parker, supra, is distinguishable from the case at bar on both the law and the facts, as is Ex Parte Tucker, supra.

The appellant having failed to overcome the prima facie case made by the introduction of the Governor's Warrant, the judgment is affirmed.