**Ex parte Richard C. ROCHESTER.**

No. 40462.

Court of Criminal Appeals of Texas.

July 12, 1967.

No attorney of record on appeal, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Phyllis Bell, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of South Dakota.

At the hearing on the writ, the state introduced in evidence the executive warrant issued by the Governor of Texas. The warrant recites that the appellant "stands charged by complaint, warrant, supporting papers before the proper authorities, with the crime of obtaining property by means of false pretense" committed in the State of South Dakota and that he has taken refuge in the State of Texas; and that the South Dakota demand for his return is accompanied by copies of said complaint, warrant and supporting papers. To the state's introduction of the executive warrant, the appellant stated, "No objection."

The executive warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Wilson, Tex.Cr.App., 391 S.W.2d 421.

The failure to furnish copies of the extradition papers was not error, as the appellant contends, for the reason that neither he nor his attorneys ever made a request for them. Ex parte Moore, 158 Tex.Cr.R. 407, 256 S.W.2d 103.

It is contended that the penal statute introduced in evidence by the appellant instead of the penal statute introduced and relied upon by the state is applicable to the crime charged in South Dakota. Accord-

ing to this record, either statute would authorize the Texas Governor to issue the warrant. The contention is overruled.

■ It is urged that there is a fatal conflict between the demand and an executive order contained among the requisition papers. The demand recites that appellant was in South Dakota when the crime was committed while an order among the papers recites he was not there. While testifying on the hearing, the appellant admitted he was in South Dakota at the time the crime alleged was committed. Any claimed conflicts in the instruments with reference to his presence in the demanding state were resolved against the appellant by his testimony. No error is presented.

The trial court was authorized to conclude as he did and remand the appellant for extradition.

The judgment is affirmed.