**Ex parte Richard B. SMITH.**

**No. 49258.**

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Fred J. Morton, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Anita Ashton, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an extradition proceeding.

At the hearing the State introduced the Governor's warrant authorizing the extradition of one Larry W. White. The de-

mand of the Governor of Colorado and the attached papers, including a photograph, all refer to Larry W. White.

Relator objects to the extradition on the ground that he was being held under the name of Richard B. Smith. He claims that there was nothing in the documents introduced which showed "any relationship between" himself and Larry W. White. We agree.

The State contends that the burden is on relator to show he is not the same person named in the warrant.

■ The admission of an executive warrant, regular on its face, makes out a prima facie case for extradition. Ex parte Larson, Tex.Cr.App., 494 S.W.2d 179. The burden of going forward with the evidence shifts to the relator where a prima facie case of identification is made out by the presumption arising from *identity of name*. Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48. However, no such identity of name exists in the case at bar. The relator's objection sufficiently raised the issue of identity, and the State was required to go forward with the evidence. Ex parte Heck, Tex.Cr.App., 434 S.W.2d 855.

■ There is a total lack of evidence in the record to show that relator and Larry W. White are the same person. The State presented no witnesses and offered no evidence to show they were the same people. The supporting papers contain a photograph of a man. However, there is no statement in the record identifying relator as the man in the picture.

The evidence is insufficient to show that the relator is the same person demanded by the Governor of Colorado and whose extradition is authorized by the Governor's warrant. Letwick v. State, 145 Tex.Cr.R. 416, 168 S.W.2d 866; Ex parte Green, 170 Tex.Cr.R. 311, 340 S.W.2d 821.

The case is reversed and the cause remanded.