Ex parte Comer Lex PARKER.

No. 49260.

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 11, 1974.

Calvin A. Hartmann, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order entered in the 182nd District Court of Harris County remanding appellant for extradition to the State of Florida to answer a charge of escape.

Appellant contends that the trial court erred in remanding him to Florida since the State failed to prove that he is the identical person named in the Executive Warrant of the Governor of Texas.

In Lopez v. State, Tex.Cr.App., 507 S. W.2d 776 at page 778, it was stated:

"It is well established that the introduction of the Governor's Warrant, regular on its face, is sufficient to make out a prima facie case authorizing extradition. Ex parte Kronhaus, 410 S.W.2d 442 (Tex.Cr.App.1967); Ex parte Juarez, 410 S.W.2d 444 (Tex.Cr.App.1967). . . ."

 The State introduced a Governor's Warrant, regular on its face, and thereby made out a prima facie case authorizing extradition. Where identity is put into issue, the burden shifts to the State to show that the person taken into custody and held for extradition is the identical person named in the Governor's Warrant. Ex parte Larson, Tex.Cr.App., 494 S.W.2d 179; Ex parte Ryan, 168 Tex.Cr.R. 351, 327 S.W.2d 596; Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48.

First, appellant testified he was not the person named in the Governor's Warrant. Then, appellant explained that he did not know whether he or his father was the person wanted for escape in Florida. Appellant testified that he had been confined in a Florida jail until June 2, 1974,

at which time he was released. He testified that his father is also "Comer Lex Parker" and was confined in the same Florida jail during June, 1974. The date of the alleged escape (from this Florida jail) is June 10, 1974. Appellant denied having been in jail in Florida on June 10, 1974.

Appellant's testimony coupled with his reasonable explanation for the Governor's Warrant bearing the same name as appellant is sufficient to place identity into issue. Therefore, the burden shifted to the State to prove that the appellant is the identical person named in the Governor's Warrant. Since no further evidence was presented, the State failed to meet its burden of proof. Cf. Ex parte Smith, Tex. Cr.App., 515 S.W.2d 925.

The judgment is reversed and the cause remanded.