## CASIMIRO ALMAGUER V. STATE.

No. 25222. March 21, 1951.

*Horace C. Hall, Jr.*, and *Bismark Pope, Laredo,* for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The indictment contains three counts, the first charging the crime of incest with the daughter of appellant; the second charges a violation of Art. 535c, Vernon's P. C., punishing indecent exposure to a child; the third charges a violation of Art. 535d, Vernon's P. C., punishing the handling or fondling of a child's sexual parts.

After the close of the evidence the trial court withdrew from the jury's consideration, and thereby dismissed, the count charging incest. The second and third counts were submitted to the jury, and a conviction was by the jury predicated upon the third, with the maximum punishment of twenty-five years' confinement in the penitentiary.

Sec. 1 of Art. 535d, Vernon's P. C., reads as follows:

"It shall be unlawful for any person with lascivious intent to intentionally place or attempt to place his or her hand or hands, or any portion of his or her hand or hands upon or against a sexual part of a male or female under the age of

fourteen (14) years, or to in any way or manner fondle or attempt to fondle a sexual part of a male or female under the age of fourteen (14) years, or to intentionally place or attempt to place his or her hands or any part of his hand or hands upon the breast of a female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle the breast of a female under the age of fourteen (14) years."

The count in the indictment under which this conviction was had charged that appellant "did with lascivious intent fondle the genital parts of Herlinda Almaguer, a female under the age of fourteen years, by intentionally placing his male organ on the genital parts of the said Herlinda Almaguer, a female. . . . ."

The facts show that Herlinda Almaguer was the twelve-year old daughter of the appellant and lived with her father and two brothers and two sisters, each of whom was younger than she. On April 15, 1950, her mother died and, according to her testimony, one night about three weeks thereafter her father (appellant) called her to his bed and after removing her panties engaged in an act of intercourse with her. She made no protest, explaining that she permitted the act because he threatened to kill her. She admitted that there was no pain accompanying the act. She testified that appellant engaged in three such acts subsequent thereto with her. In August, 1950, or about three months after the first act, the prosecutrix was examined by a physician, who testified as to finding her hymen ruptured and her sexual parts evidencing acts of intercourse. Prosecutrix admitted that, prior to the death of her mother, she began engaging in acts of sexual intercourse with one Manuel Trevino. It appears that upon being interrogated by the peace officer relative to this affair she, for the first time, accused her father of his treatment of her.

It is significant to note that the prosecutrix did not in her testimony at any time say that the appellant fondled her sexual parts with his hands.

The testimony shows not only the commission by appellant of the crime of incest but also of rape.

Appellant, upon being arrested, was taken before an examining court, where he made a statement admitting engaging in acts of sexual intercourse with his daughter, as testified to by her. This statement was taken by the magistrate, who spoke and wrote Spanish, and reduced to writing and of record in

the Spanish language, the appellant being unable to understand the English language.

Upon the trial of this case, appellant repudiated the inculpatory features of the statement and denied that he had been guilty at any time of mistreating his daughter or that he was guilty of the acts she attributed to him.

The sufficiency of the evidence to support the conviction is under attack.

The central idea supporting this position is that the fondling statute (Art. 535d, Vernon's P. C.) does not contemplate or include completed acts of sexual intercourse and that testimony showing only such acts are not within the contemplation or meaning of the statute. It is also insisted that the construction to be given to the fondling statute is that the violation thereof is accomplished by and with the hands or the use made of the hands and in no event is the fondling there prohibited to be accomplished by the use of sexual organs, as here charged and alleged.

An answer to these contentions calls for a construction of that statute.

It will be noted that, of the various prohibitions contained in the statute, each and all have express reference to the hand or hands, or the use thereof, save and except that phrase in the statute which provides "or in any way or manner fondle or attempt to fondle a sexual part of a male or female . . . . ."

If this conviction is to be sustained, it must rest upon the language quoted. No other provision of the statute would apply. The word, "fondle," not having been defined in the statute, is used in the sense commonly known and understood. According to Webster, the term means, "To treat or handle tenderly or lovingly: caress." Like connotation is given by Roget's International Thesaurus.

Here, the facts show that the use appellant made of his sexual parts was to commit an assault—that is, rape by force and threats—against the will and consent of the prosecutrix. What facts or state of facts do or do not show "fondling," within the meaning of the statute, we are not called upon to here determine.

The question for our determination is whether the facts showing rape by assault could be construed as also showing fondling of the sexual parts of a female by the use of the male organ, within the meaning of the statute here under consideration.

To so hold would, of necessity, endanger the validity of the rape statute, which we are unwilling to do.

We cannot bring ourselves to the conclusion that the instant facts show that appellant did fondle the genital parts of the prosecutrix with his male organ, as charged.

The judgment is reversed and the cause remanded.

Opinion approved by the court.