LUIS BALADEZ V. STATE

No. 29,511. January 29, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 5, 1958.

*Pete Tijerina*, San Antonio, on appeal only, for appellant.

*Hubert W. Green, Jr.*, Criminal District Attorney, *James E. Barlow*, Assistant Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is fondling of a child's sexual parts as denounced by Article 535d, V.A.P.C., with two prior felony convictions alleged for enhancement; the punishment, life.

The witness Moreno testified that he arrived at the appellant's home at 7:00 A.M., that he and the appellant went out

to drink beer, that they returned to appellant's home at 9:30, that following this he and appellant's wife left together in search of a baby sitter, leaving the appellant at home with the children, including the five-year old injured child. He stated that they were gone approximately twenty minutes and when they returned appellant's wife first spoke to some of the children outside of the house, presented herself at the door, and when she was admitted ran upstairs; that he followed a few minutes later and found the appellant and his wife in a heated argument, which concluded with the appellant's wife saying that she was going to call the police. He testified further than when he got upstairs the appellant was tying his shoes and said, "Well, let's go;" that he and the appellant drove a few blocks; that the appellant got out and instructed the witness to return to his (the appellant's) home and find out "whether the law was there." He stated that upon his return he found the officers present and accompanied them to where they found the appellant, who was then arrested.

Officer De La Garza testified that he responded to a call at the appellant's home at approximately 10:00 A.M. on the day in question, spoke to the appellant's wife, saw the injured child, went in search for the appellant, and came upon him just as he had been arrested by a police sergeant.

The injured child testified that on the day the police officers came to her home, and prior to their coming, she and the appellant had been upstairs in her mother's bed together; that the appellant did not have his pants on and she saw his "peepee;" that he took off her panties and put his hands "where I urinate;" that her brothers and sisters were downstairs, and when her mother came upstairs she was putting on her panties and the appellant had gone to the rest room; that she told her mother what the appellant had done, and her mother and father had an argument.

Appellant, testifying in his own behalf, admitted the prior convictions alleged for enhancement and an additional Federal felony conviction, stated that he and his wife had not been getting along well for the last year, admitted leaving the house to drink beer after being admonished by his wife that she was going to send him to jail if he got drunk. He stated that while his wife and Moreno went to look for a baby sitter so that she might leave the children and "go out" with them, he "washed up;" that when his wife returned she reported that they could not find a baby sitter and then began to accuse him of being drunk and of having another girl and they got into an argument;

that he pushed her and she ran downstairs saying she was going to call a policeman. He admitted that while his wife and Moreno were gone the downstairs' door had been locked, but denied that he locked it, and said that when he heard his wife at the door he called to one of his children to open the door for her. He denied that he had undressed while they were gone and explained the tying of his shoes by stating that he always loosened his shoes when he came home. He admitted that when he left the house with Moreno he thought his wife was going to call the police.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by appellant's able attorney in his brief.

He first contends that the indictment is fatally defective in that it does not allege the means used to "fondle" the injured child. While the indictment does not follow the form suggested in Willson's Criminal Forms, Sixth Edition, section 726, no motion to quash the same was filed, and we do not find the same so fundamentally defective that it might be attacked for the first time on appeal.

He further contends that, since the child testified to facts which might have been construed as indicating that the appellant used his penis as well as his hands upon her, the rule in Almaguer v. State, 155 Texas Cr. Rep. 531, 237 S.W. 2d 631, finds application here. We do not agree. Almaguer case was predicated upon proof of intercourse, with no proof that the accused placed his hands upon the sexual part of the injured child. In the case at bar, there is ample proof of the placing of the hands, as well as a suggestion of intercourse, without any details being given. Surely the state had the right to carve out of the transaction the crime which it elected.

Appellant next contends that the court erred in admitting the the documents which established the prior convictions alleged for enhancement. As noted, the appellant in his testimony in chief admitted the prior convictions, which would have cured any defect in the proof. We do observe, however, that the state adopted the method of proof which this court approved in Rhodes v. State, 164 Texas Cr. Rep. 407, 299 S.W. 2d 153.

Finding no reversible error, the judgment of the trial court is affirmed.