**Ex parte Almond G. FOSKETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37970.**

Court of Criminal Appeals of Texas.

March 31, 1965.

Rehearing Denied May 12, 1965.

Robert A. (Bob) Heath, Henry Sanchez, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Ripley E. Woodard, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order issued in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Michigan.

On the hearing of the writ the state introduced in evidence the executive war-

rant issued by the Governor of Texas which appears regular on its face. It made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W. 2d 579.

Appellant contends that the trial court erred in refusing his offer in evidence of the authenticated copies of the supporting papers accompanying the governor's warrant, and again erred in refusing his request for a continuance in order to obtain authenticated copies of such papers for his use in rebutting the prima facie presumption that he was subject to extradition. Further, he contends that the trial court erred in remanding him because his testimony, the testimony of his witnesses, and the complaint upon which the governor's warrant is based defeats the prima facie case by showing that he was not in the demanding state at the time of the commission of the crime, or that he thereafter fled from the state.

In his brief it is insisted by the appellant "that the Trial Court erred in remanding the Appellant for extradition to the State of Michigan, since the State was never able to establish a prima facie case, as the testimony of Appellant and of his witnesses plus the record clearly and uncontradictedly show that the Appellant was not a fugitive from justice and the subject of extradition."

In support of his contention, appellant points out in Relator's Exhibit D–17, page 112, the pertinent part of the complaint upon which this proceeding is based, which pertinent part reads as follows:

"The Complaint, on oath and in writing of Donovan Neville taken and made before Basil F. Baker, a Municipal Judge of the City of Flint, in said County, upon the 3rd day of June, A. D., 1964, who being duly sworn, says that heretofore, to wit, on the 9th day of January, A. D. 1964, at the city of Flint, and in the County aforesaid

Almon Foskett, having been charged with the offense of leaving the State while in arrears in child support, a felony, and the case of the People of the State of Michigan versus Almon Foskett, Case No. 17996 charging the said Almon Foskett with leaving the State while in arrears in child support, a felony, having been set for trial on January 9, 1962, before Donn D. Parker, Circuit Judge, for Genesee County, Michigan, the said Almon Foskett did unlawfully and feloniously abscond from the County of Genesee and from the State of Michigan, and as a result the bail bond in the amount of Two Thousand ($2,000.00) Dollars insuring the appearance of said Almon Foskett at the said trial was forfeited by the said Judge Donn D. Parker, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan, wherefore the said Donovan Neville prays that the said Almon Foskett may be apprehended, and held to answer this complaint, and further dealt with in relation to the same as law and justice may require."

" * * * Further, the Appellant points out that the uncontradicted testimony of the Appellant and his witnesses clearly and unequivocally shows that the Appellant was not in the demanding state at the time alleged in the complaint, and clearly and unequivocally show that he did not thereafter flee from the demanding state. The Appellant here is not inquiring into his guilt or innocence, but merely whether or not he is a fugitive from justice."

The statute of the State of Michigan defining the offense here charged is as follows:

"Section 28396 (1) ABSCONDING ON OR FORFEITING BOND WHERE FELONY CHARGED; PENALTY, Sec. 199a. Any person who shall abscond on or forfeit a bond given in any criminal proceed-

ings wherein a felony is charged shall be deemed guilty of a felony. (CL '48, 750.199a [Pub.Acts 1949, No. 94].)"

The governor's warrant recites that appellant is charged in the State of Michigan with the crime of absconding and forfeiting bond where a felony is charged.

On cross-examination the appellant testified as follows:

"Q: How long has it been since you left the State of Michigan, Mr. Foskett?

"A: I left there the first of November, 1961.

   *     *     *     *     *     *

"Q: And were you under a bail bond, released under a bail bond at that time?

"A: Yes, sir.

"Q: What was the amount of that bond?

"A: It was my understanding it was $2000.

   *     *     *     *     *     *

"Q: You were under bail bond when you left Michigan to appear in a non-support case and you knew it, is that correct?

"A: Yes.

   *     *     *     *     *     *

"Q: Did you ever go back to Michigan to make your appearance on that bail?

"A: No, sir, I haven't.

   *     *     *     *     *     *

"Q: And you knew that your bond would be forfeited, is that correct?

"A: Yes.

"Q: Why didn't you go back anyway later?

"A: I couldn't tell you.

"Q: Instead of going back to Michigan you changed your mind and went elsewhere?

"A: Yes, sir, I wound up in Texas.

"Q: And it is your contention since you arrived in Texas in December of 1961 and you have been here ever since is that what you are claiming?

"A: That is right.

"Q: You don't deny you are the man who is wanted in this case in Michigan, do you?

"A: Well, as I understand it now I am the same man.

"Q: You do have the same name and you do have such a charge against you?

"A: Yes, sir."

■ The state is not bound by the date alleged in the accusatory pleading and may prove that the offense was committed before, on, or after the date alleged, if the date is proven to be anterior to the presentment of the indictment or information and not so remote as to be barred by limitation. 1 Branch 2d, 457, 459.

In Ex parte Beeth, 142 Tex.Cr.R. 511, 154 S.W.2d 484, 485, this court said:

"* * * the complaint charges the offense occurred in September, 1939, a date he was not in the state, but his testimony affirmatively shows he was therein within a few months of the date alleged. If there were no such testimony, the state would be bound by the date in the complaint; but, in the state of the record, the state is not bound by the September, 1939, date. The state is not bound by such date either at trial or on extradition proceedings. Branch's Annotated Penal Code, Sec. 439, p. 231, and authorities there cited; Williams v. Robertson, 339 Mo. 34, 95 S.W.2d 79; People of State

of Illinois ex rel. McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121; Keeton v. Gaiser et al., 331 Mo. 499, 55 S.W.2d 302; Scott on Interstate Extradition, page 144.

"Prosecution will be sustained by proof of a date anterior to the presentment of the indictment or complaint, provided it be within limitation. Under the law of Arizona, as shown by the proof (S.F. 13, 14), the crime charged is a felony. In the absence of proof to the contrary, the law of Arizona on limitation would be the same as Texas and there is no proof concerning limitation under Arizona law, Article 180, C.C.P. of Texas, thus controls, and April, 1939, is within the three-year period there prescribed.

"In the case of Williams v. Robertson, supra, the authorities are reviewed on the subject of the state being bound, in an extradition proceeding, by the date alleged in the complaint, and establish that it is not so bound."

The testimony of the appellant showing that he was in the State of Michigan during the limitation period and prior to the filing of the complaint against him and before he absented himself from the state was sufficient proof that he was in the demanding state on the date the offense was committed.

The refusal to admit in evidence the supporting papers offered by the appellant and the denial of the continuance, when considered with appellant's testimony, was not reversible error.

The appellant being properly remanded for extradition, the judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, JUDGE.

Upon reconsideration of this case we have concluded that we properly decided this appeal, but upon an incorrect theory. As stated, appellant was charged in the State of Michigan with "Absconding and forfeiting bond where felony is charged", which itself is a felony under the laws of Michigan. Appellant's absconding resulting in the forfeiture of his bond, which forfeiture occurred on January 9, 1962, constituted the gravamen of the Michigan felony upon which this extradition is sought.

Appellant by his own testimony placed himself in Texas on such date. Section 6 of Article 1008a Vernon's Ann.C.C.P. authorizes the surrender of a person who commits an act in this State intentionally resulting in a crime in the demanding State. This is such a case.

Appellant's motion for rehearing is overruled.