Herman E. PEGODA, Appellant,

v.

The STATE of Texas, Appellee

No. 44053.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Percy Foreman, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of fondling. Punishment was assessed by a jury at 10 years.

Prosecutrix, a female child 12 years of age, testified that her grandfather, the appellant, with whom she was staying while her mother was in the hospital, took her clothing off the evening in question, and "opened my private parts." She further testified that appellant placed his hands on her private parts and that she told him she "didn't want him to do it any more." [1] She also related other previous instances, beginning when she was six years old, of the aforementioned type of conduct on the part of appellant.

1. Prosecutrix reported the incident to her father who took her to the police station.

■ By his first ground of error, appellant contends that the testimony of prosecutrix showed the offense of rape was committed, rather than the offense of fondling as charged in the indictment.

The testimony questioned is reflected as follows:

"Q. What did he do with his hands when he placed them on your private parts?

"A. He opened my private parts.

"Q. With his hands?

"A. Yes sir.

"Q. And did he do anything else? Did he do anything else after he opened your private parts with his hands?

"A. Yes sir.

"Q. What did he do?

"A. Put his private part on there."

■ To constitute the offense of rape, penetration must be shown. No such fact is evidenced in the record. Jones v. State, Tex.Cr.App., 392 S.W.2d 129; 4 Branch's Ann.P.C.2d, Sec. 1977, and cases cited therein.

Further, the testimony clearly reflects the offense of fondling. Art. 535d V.A. P.C.; Baladez v. State, 165 Tex.Cr.R. 647, 310 S.W.2d 113. The first ground of error is overruled.

■ By his second ground of error, appellant alleges a fatal variance between the indictment and the proof, in that "the indictment charged the first name of the prosecutrix as being Debbie," while prosecutrix' grandmother referred to her as "Deborah Lin."

In ruling on appellant's objection of the variance between "Debbie" and "Deborah," the following colloquy occurred between prosecutrix and the court:

"THE COURT: Alright, now you said at first you spelled your name Debbie (spelled) right? Are you also known by the name of Debbie?

"A. Deborah.

"THE COURT: Well, when he first asked you to spell your name; do people call you Debbie? Answer out, do they?

"A. Yes sir.

"THE COURT: And some people call you Debbie and some call you Deborah?

"A. Yes sir.

"THE COURT: And your middle name is pronounced Lin, right?

"A. Yes.

"THE COURT: O. K., that's overruled.

"MR. CUTLER: Note our exception."

■ If a person is generally known by one name, or is known by that name as well as another, either name may be used in an indictment. See Dears v. State, Tex.Cr. App., 465 S.W.2d 376; 1 Branch's Ann. P.C.2d Art. 47, Sec. 484.

The second ground of error is overruled.

■ Appellant's third ground of error is that the trial court improperly refused his request for a bill of exception. The record reflects that appellant made a motion for mistrial on the grounds that after completion of the state's testimony and after the jury had retired, the trial court and prosecuting attorney conversed for "four or five minutes." The record reflects that after the alleged discussion, the state rested. Appellant does not show how he was harmed, nor did he make an attempt to file a formal bill of exception or offer additional evidence. See Art. 40.09, Secs. 6(a) and 6(d)–(1) V.A.C.C.P. See also Drake v. State, Tex.Cr.App., 450 S.W.2d

625; Manning v. State, 162 Tex.Cr.R. 329, 284 S.W.2d 903.

The third ground of error is overruled.

There being no reversible error, the judgment is affirmed.