Francisco Javier **CONTRERAS**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 61523.

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 10, 1979.

---

John W. Primomo, San Antonio, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

On original submission of this extradition case the appeal was dismissed Tex.Cr.App.,

---

581 S.W.2d 486 for failure of the record to reflect a final judgment and for lack of an appellate brief. Both deficiencies have now been properly corrected, so we reinstate the appeal.

In the Governor's Warrant and many of the supporting papers the offense here is corruptly called fondling.[1] Included in the packet is a reproduction of the particular statute delineating the offense, Mississippi Code Annotated section 97–5–23 (1972).[2] It is akin to our own V.T.C.A. Penal Code, § 21.10, entitled Sexual Abuse of a Child,[3] but, as a comparison of the two excerpted in the margin below reveals, in Mississippi only a *male* person above the age of eighteen years may commit the offense.

An essential ingredient of an extradition request is that the accusing instrument supporting it "must substantially charge the person demanded with having committed a crime *under the law*" of the demanding *state*.[4] Article 51.13, V.A.C.C.P.; *Ex parte Burns*, 167 Tex.Cr.R. 533, 322 S.W.2d 289 (1959). A corollary to that requirement, however, is the long standing rule in this State and elsewhere that the validity of a charging instrument will be left to the courts of the demanding State, *Ex parte Gore*, 162 Tex.Cr.R. 128, 283 S.W.2d 69 (1955), 35 C.J.S. Extradition § 14(6), *unless* "the accusation is clearly void," *Ex parte Bowman*, 480 S.W.2d 675, 676 (Tex.Cr.App. 1972); *Ex parte Rosenthal*, 515 S.W.2d 114, 117 (Tex.Cr.App.1974); *Ex parte Gideon*, 493 S.W.2d 156, 157 (Tex.Cr.App.1973).

Whether the accusation before us is valid depends in turn on the constitutionality of the underlying Mississippi statute—an issue that is reserved to its courts and to the Supreme Court of the United States, *Ex parte Key*, 164 Tex.Cr.R. 524, 301 S.W.2d 90, 91 (1957); *Ex parte Peairs*, 162 Tex. Cr.R. 243, 283 S.W.2d 755, 757 (1955), dismissed 350 U.S. 858, 76 S.Ct. 104, 100 L.Ed. 762 (1955); 35 C.J.S. Extradition § 14(6). Happily that issue has, indeed, been recently determined by the Supreme Court of Mississippi in *Tatro v. State*, 372 So.2d 283, 285 (1979). It concluded that section 97–5–23 "is clearly discriminatory and unconstitutionally denies equal protection of the law to males and is, therefore, void."

Accordingly, the judgment of the trial court is reversed and appellant is in all things discharged from the Executive Warrant of the Governor dated February 20, 1979.

It is so ordered.

---

1. As this Court observed in *Almaguer v. State*, 155 Tex.Cr.R. 531, 237 S.W.2d 631, 633 (1951), "The word 'fondle,' not having been defined in the statute, is used in the sense commonly known and understood. According to Webster, the term means, 'To treat or handle tenderly or lovingly; caress'."

2. In pertinent part, it provides, "Any male person above the age of eighteen years, who, for the purpose of gratifying his lust, or indulging his depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his body or any member thereof, any child under the age of fourteen years . . . shall be guilty of a high crime . . . .."

3. In pertinent part, it provides, "A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years."

4. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.