**Ex parte Anthony BUCARO.**

**No. 2–83–219–CR.**

Court of Appeals of Texas,
Fort Worth.

July 20, 1983.

Rehearing Denied Aug. 17, 1983.

Lee Ann Dauphinot, Fort Worth, for appellant.

C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

This appeal is from an order rendered in a habeas corpus proceeding remanding appellant, Anthony Bucaro, to custody for extradition to answer charges of bail jumping in Wisconsin.

We affirm the order.

Bucaro raises two grounds of error asserting: (1) that the State failed to prove that Wisconsin permits prosecution for a felony upon information, and (2) Bucaro's warrantless arrest and detention violated his constitutional rights.

Texas has enacted the Uniform Criminal Extradition Act (V.A.C.C.P. art. 51.13) and, under its terms, the issuance of a Governor's grant of extradition ("Governor's Warrant") is prima facie evidence that the constitutional and statutory requirements for extradition have been met. After the introduction of the Governor's Warrant, regular on its face, the burden is on the accused to show that the warrant is not legally issued, that it was not based on

proper authority, or that its recitals are inaccurate. *Ex parte Cain,* 592 S.W.2d 359 (Tex.Cr.App.1980) (opinion on State's Motion for Rehearing); *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). A prima facie case can be defeated by the supporting papers introduced into evidence regardless of which party introduces them. *Ex parte Cain, supra,* at 362.

Bucaro contends that the prima facie case against him was defeated in the supporting documents introduced because there was no proof that Wisconsin permits felony prosecutions based upon information and that, in the absence of such proof, the Texas rule requiring an indictment is to be used. As no indictment is found in the supporting documents, there is no proof that he has been charged with a crime in Wisconsin (the "demanding state").

■ This argument fails because § 3 of art. 51.13 only requires that the requisition of the demanding state to the Governor be accompanied by an information supported by an affidavit. The sufficiency of the indictment, information or affidavit as a criminal pleading is not at issue in the asylum state. *Ex parte Rosenthal,* 515 S.W.2d 114, 119 (Tex.Cr.App.1974). Furthermore, as noted in a footnote to *Rosenthal,* Texas now allows prosecutions for felonies upon an information with a proper waiver of the right to be charged by indictment. *Rosenthal, supra,* at 116. Ground of error one is overruled.

■ Ground of error two asserts that Bucaro's arrest was illegal because it occurred one day prior to the execution of the State of Wisconsin's complaint. Such an arrest is authorized under art. 51.13, § 14, where the peace officer has reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year. *Morales v. State,* 513 S.W.2d 869 (Tex.Cr.App.1974).

The record shows that Bucaro was arrested pursuant to a teletyped message from the Sheboygan County Sheriff's Office.

This is sufficient under the statute. Ground of error two is overruled.

The order is affirmed.