**Ex Parte Terry Lee DAVENPORT.**

**No. 2–85–255–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1986.

Zachry, Kearney, Hill, Shaw & Beatty, and Allan K. Butcher and James H. Shaw, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HILL and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal from an order rendered in a habeas corpus proceeding remanding the appellant, Terry Lee Davenport, to custody for extradition to answer charges of manufacturing a controlled substance in Oklahoma.

We affirm.

Davenport raises two points of error, claiming that the trial court erred in holding that the Governor's Warrant was "regular on its face" because (1) it was not accompanied by supporting materials from Oklahoma (certified copy of the indictment or information); and (2) contained only a facsimile signature of the Governor. Counsel for Davenport candidly admits the current Texas case law does not support his position; but, argues that the common law should be changed. Specifically, Davenport argues that TEX.CODE CRIM. PROC.ANN. art. 51.13 (Vernon 1979), the Uniform Extradition Act, requires that the supporting papers from Oklahoma be introduced into evidence at the hearing along with the Governor's Warrant. Additionally, Davenport complains that because the signature of the Governor and Secretary of State on the Warrant are "stamped" signatures it is impossible to determine who affixed the signatures and whether the signatures were affixed with the consent of the State officials.

These arguments, while novel, do not persuade us to change the existing law. Current Texas law provides sufficient safeguards and allows the accused to raise and challenge the issues presented on this appeal at the trial court level.

Texas has adopted the Uniform Criminal Extradition Act, which requires a foreign state to present a copy of the indictment or information, supported by an affidavit, before the Governor may issue a warrant. TEX.CODE CRIM.PROC.ANN. art. 51.13, sec. 3 (Vernon 1979). The accused may challenge his arrest by filing an application for Writ of Habeas Corpus. *See* TEX. CODE CRIM.PROC.ANN. art. 51.13, sec. 10 (Vernon 1979), and art. 11.64 (Vernon 1977).

■ At the habeas corpus hearing, the defendant may complain about the supporting papers and challenge their sufficiency in order to show that the warrant was illegally issued. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex.Crim.App.1980) (Opinion on reh'g); *Ex parte Bucaro*, 656 S.W.2d 217, 219 (Tex.App.—Fort Worth 1983, no pet.). However, the accused may not complain about either the regularity or sufficiency of the supporting papers unless they are introduced into evidence. *Ex parte Kronhaus*, 410 S.W.2d 442, 443 (Tex. Crim.App.1967); *Ex parte Felker*, 169 Tex. Crim.R. 607, 336 S.W.2d 161, 163 (1960).

■ It is well settled that the State may prove its case by offering the Governor's Warrant into evidence. After the Governor's Warrant, regular on its face, is placed into evidence, it is prima facie evidence that the constitutional and statutory requirements for extradition have been met. *Ex parte Cain*, 592 S.W.2d at 362; *Ex parte Bucaro*, 656 S.W.2d at 218. As a result, the burden shifts to the accused to prove that the warrant is not legally issued and that it is not based on proper authority or to challenge the sufficiency of the supporting papers accompanying the warrant. *Ex parte Goodwin*, 384 S.W.2d 874, 875 (Tex. Crim.App.1964); *Ex parte Tucker*, 168 Tex. Crim.R. 286, 324 S.W.2d 853, 854 (1959).

■ If we accept Davenport's position, the State would be forced to introduce not only the Governor's Warrant, but also the supporting papers in each extradition case. We would also be forced to rule contrary to

the holdings in a number of Court of Criminal Appeals cases such as *Ex Parte Kronhaus,* and cases cited therein. We hold that the State is not required to offer all or any part of the supporting papers. *See Ex Parte Kronhaus,* 410 S.W.2d at 443.

■ In the instant case, Davenport's rights were sufficiently protected. First, Davenport could have offered the supporting papers into evidence in an attempt to overcome the prima facie case made out by the introduction of the Governor's Warrant. However, he failed to do so. Texas law requires that the accused be furnished with the supporting papers. *See* TEX. CODE CRIM.PROC.ANN. art. 51.13, sec. 3 (Vernon 1979). Failure to furnish such papers upon request is reversible error. *Ex Parte Kronhaus,* 410 S.W.2d at 444. Davenport makes no claim that the papers were not available to him.

As a result, we hold that the introduction of supporting papers is not necessary for the Governor's Warrant to be "regular on its face."

■ We also hold that the "stamped" signatures of the Governor and Secretary of State on the Governor's Warrant do not prevent that document from being considered as "regular on its face." The Court of Criminal Appeals has held that the method in affixing the signatures on the Governor's Warrant does not affect the warrant's validity. *Ex Parte Scarbrough,* 604 S.W.2d 170, 173 (Tex.Crim.App.1980); *Ex Parte Britton,* 382 S.W.2d 264, 266 (Tex.Crim.App.1964).

Furthermore, Davenport failed to produce any evidence that would lead us to believe that the Governor did not affix his signature or authorized another to do so. As a result, we hold that "stamped" signatures are sufficient for the Governor's Warrant to be considered "regular on its face."

The order remanding appellant to custody for extradition to Oklahoma is affirmed.