### Ex parte Gary Dale McCONNELL.

#### No. 2–86–296–CR.

Court of Appeals of Texas,
Fort Worth.

March 18, 1987.

Crampton, Crampton & Estrada and Robert G. Estrada, Wichita Falls, for appellant.

Barry L. Macha Crim. Dist. Atty. and D. Scott Reddell Asst. Crim. Dist. Atty., Wichita Falls, for appellee.

Before FENDER, C.J., and BURDOCK and LATTIMORE, JJ.

## OPINION

BURDOCK, Justice.

Appellant, Gary Dale McConnell, appeals the trial court's denial of his application for a writ of habeas corpus. Appellant filed the writ in order to challenge his extradition to Arizona. *See* TEX.CODE CRIM. PROC.ANN. art. 51.13, sec. 10 (Vernon 1979). We affirm.

In his sole point of error, appellant contends the indictment upon which Arizona seeks to extradite him is clearly void. The first count of the indictment charges appellant with transporting, importing, selling, or transferring cocaine or offering to transport, import, sell, or transfer the drug on August 16, 1983. The indictment's third count charges appellant with committing the same offense on August 23, 1984. Count two of the indictment alleges appellant attempted to traffic in stolen goods on August 22, 1983. The indictment was filed on June 28, 1984.

Appellant attacks the validity of the indictment on the following grounds: 1) the Speedy Trial Act bars his prosecution under the indictment's first count; 2) count two is defective on its face because the identity of the owner of the stolen property has been amended without a showing that the grand jury made the amendment; and 3) the third count alleges an impossible date because the date of the alleged offense is posterior to the indictment date.

The record before us does not contain a statement of facts from the hearing on appellant's habeas corpus application. However, the parties have filed an agreed statement in lieu of a statement of facts which indicates appellant did present to the court below the contentions he now asserts on appeal. *See* TEX.R.APP.P. 50(c). The record indicates the court heard appellant's habeas corpus application on April 7, 1986, and denied it by written order on November 11, 1986.

The issuance of a Governor's warrant, regular on its face, creates a prima facie case authorizing extradition. *Ex parte Scarbrough*, 604 S.W.2d 170, 173 (Tex.Crim.App.1980); *Ex parte Bucaro*, 656 S.W.2d 217, 218 (Tex.App.—Fort Worth 1983, no pet.). Once this prima facie case has been established, the accused bears the burden of proving the warrant has not been legally issued, contains inaccurate information, or is not based on proper authority. *Ex parte Bucaro*, 656 S.W.2d at 218–19. The supporting papers introduced into evidence by either the petitioner or the State can be used by the petitioner to rebut the prima facie case for extradition. *Id.; see also Ex parte Davenport*, 719 S.W.2d 391, 392 (Tex.App.—Fort Worth 1986, no pet.).

The record before us contains a stipulation by the parties that the State satisfied its initial burden of showing appellant had been lawfully detained under the Governor's warrant. Additionally, the parties stipulated that the admission into evidence of the warrant established a prima facie case for extradition. *See* TEX.R.APP.P. 54(b).

Appellant now attempts to rebut this prima facie showing by claiming that the charging instrument which accompanied the request for his extradition is invalid. We recognize the documents included in an extradition request "must substantially charge the person demanded with having committed a crime under the law" of the demanding state. TEX. CODE CRIM. PROC.ANN. art. 51.13, sec. 3 (Vernon 1979). However, the rule in Texas is well-established that unless the charging instrument is clearly void, its validity constitutes a question for the courts of the demanding state. *See Contreras v. State*, 587 S.W.2d 723, 724 (Tex.Crim.App.1979); *Ex parte*

*Rosenthal*, 515 S.W.2d 114, 119 (Tex.Crim. App.1974); *Ex parte Bowman*, 480 S.W.2d 675, 676 (Tex.Crim.App.1972). During a habeas corpus proceeding a distinction must be made between extradition and the papers supporting it, and the eventual prosecution and instruments forming the basis for that prosecution. *Ex parte Clubb*, 447 S.W.2d 185, 187 (Tex.Crim.App.1969).

We find that the indictment included in Arizona's request for appellant's extradition substantially charges appellant with the commission of offenses against that state. The matter of whether Arizona can successfully prosecute appellant on all three of the indictment's counts is a matter that must be determined by a court in that jurisdiction. *See Ex parte Gray*, 426 S.W.2d 241, 242 (Tex.Crim.App.1968) (question of defect in indictment due to absence of precise date of offense one for Mississippi courts); *Ex parte Schmidt*, 500 S.W.2d 144, 145–46 (Tex.Crim.App.1973) (assertion that limitations had run on offenses charged against defendant constituted defensive matter to be raised in California); *Ex parte Gideon*, 493 S.W.2d 156, 157 (Tex.Crim.App.1973) (question of whether indictment was void because it placed the defendant in double jeopardy had to be determined by New Mexico courts).

 Furthermore, we decline to adopt appellant's argument that the provisions of the Texas Speedy Trial Act should be applied to determine that his right to a speedy trial on the offense charged by the indictment's first count has been violated. Appellant reaches this conclusion by presuming the law of Texas and Arizona are the same, absent a showing to the contrary. In light of the previously mentioned rules controlling determinations that should be reserved to the demanding state, we decline to apply such a presumption here. *See generally Ex parte Horsley*, 460 S.W.2d 906, 907 (Tex.Crim.App.1970).

Appellant also directs our attention to *Foskett v. State*, 390 S.W.2d 273 (Tex.Crim. App.1965), claiming it pertains to his attack on the allegedly impossible date contained in the indictment's third count. That holding provides a "state is not bound by the date alleged in the accusatory pleading and may prove that the offense was committed before, on, or after the date alleged, if the date is proven to be anterior to the presentment of the indictment or information and not so remote as to be barred by limitation." *Id.* at 275. We acknowledge the continued application of this rule in Texas criminal proceedings. *See Swabado v. State*, 597 S.W.2d 361, 363 (Tex.Crim.App. 1980); *McManners v. State*, 592 S.W.2d 622, 623 (Tex.Crim.App.1980).

 However, we maintain any alleged defect in the third count of the indictment is a concern for the Arizona courts. Even if we were to apply the aforementioned rule to the indictment now before us, thereby declaring the indictment's third count invalid, the instrument would still substantially charge appellant with the commission of two offenses under Arizona law.

In light of the foregoing, we overrule appellant's point of error and affirm the trial court's denial of his application for a writ of habeas corpus.