TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00493-CR






Ex Parte Aristeo Ponce, Appellant








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 09708408, HONORABLE FRED A. MOORE, JUDGE PRESIDING







Aristeo Ponce applied for a writ of habeas corpus seeking to prevent his extradition to
Arizona. The writ issued and, after a hearing, the district court denied the relief sought. This appeal
followed. See Tex. R. App. P. 31.

In April 1990, a Maricopa County, Arizona, grand jury indicted Ponce for manslaughter,
the offense alleged to have been committed on June 4, 1988. At the hearing below, Ponce testified that
he was arrested on June 4 but was later released, and that he thereafter moved to Texas believing that no
criminal charges were pending against him. He further testified that in 1990 he was arrested in Austin on
a fugitive warrant, but was again released when Arizona did not "come and get [him]." According to
Ponce, he has been an Austin resident for fifteen years, has a Texas driver's license, and has lived at the
same address for the past seven years. The governor's extradition warrant was issued on May 19, 1997,
and Ponce was arrested shortly thereafter.

By his first point of error, Ponce contends the district court should have ordered his release
because of the "unconscionable delay" between his arrest in 1990 and his arrest on the governor's warrant
in 1997. He argues that in extradition proceedings, the courts of the asylum state have a responsibility to
insure against government action that shocks the conscience under due process standards. See Quintero
v. State, 761 S.W.2d 438, 440 (Tex. App.--El Paso 1988, pet. ref'd). Assuming this is true, there is no
evidence before us that Ponce has been subjected to physical, mental, or emotional mistreatment of any
kind. See id. Ponce's argument under this point of error reduces to the contention that he has been denied
his constitutional right to a speedy trial on the Arizona indictment. U.S. Const. Amend. VI.

Once the governor of the asylum state has granted extradition, a court considering release
on habeas corpus is limited to a determination whether the extradition documents are facially in order,
whether the applicant has been charged with a crime in the demanding state, whether the applicant is the
person named in the request for extradition, and whether the applicant is a fugitive. Michigan v. Doran,
439 U.S. 282, 288-89 (1978); State ex rel. Holmes v. Klevenhagen, 819 S.W.2d 539, 543 (Tex. Crim.
App. 1991). The court is without authority to consider equitable issues during the habeas corpus hearing. 
Holmes v. Klevenhagen, 819 S.W.2d at 543. Whether Arizona has afforded Ponce the speedy trial to
which he is constitutionally entitled is a defensive issue that is not a proper concern of the Texas courts. 
See Ex parte McConnell, 726 S.W.2d 632, 634 (Tex. App.--Fort Worth 1987, no pet.). Point of error
one is overruled.

Ponce's second point of error asserts that the governor's warrant was unlawfully issued. 
The warrant recites that Ponce stands charged in Arizona with the crime of manslaughter. The warrant is
regular on its face and is sufficient to establish a prima facie case for extradition. Ponce argues, however,
that this prima facie case is defeated by the supporting papers. See Ex parte Robbins, 575 S.W.2d 27,
28 (Tex. Crim. App. 1978). He bases this argument on an inconsistency within these documents regarding
the punishment category to which the offense of manslaughter belongs under Arizona law. The Arizona
governor's requisition and the underlying application for requisition state that Ponce has been indicted for
manslaughter, "a class 2 felony." But the Arizona indictment itself, as well as the arrest warrant and the
affidavit of a Phoenix police officer, describe the offense as manslaughter, "a class 3 felony." Ponce
concludes that the offense specified in the governor's warrant is not the offense specified in the supporting
documents.

Ponce relies on the opinion in Ex parte Medina, 417 S.W.2d 409 (Tex. Crim. App.
1967). In that case, the governor's warrant failed to state the offense for which the accused was charged
in the demanding state. This was a defect that rendered the governor's warrant defective on its face. Id.
at 410. The governor's warrant is the cause before us does not suffer from the defect identified in Medina. 
Indeed, Ponce does not question its facial validity.

The Arizona indictment bears cause number CR90-03887 and alleges that Ponce
committed the offense of manslaughter on June 4, 1988. The arrest warrant was issued under cause
number CR90-03887 and states that Ponce has been indicted for manslaughter committed on June 4,
1988. The officer's affidavit states that he interviewed Ponce on June 4, 1988, "the day the crime was
committed." The application for requisition recites that Ponce is under indictment for manslaughter in cause
number CR90-03887 and that the offense was committed on June 4, 1988. Obviously, all the supporting
documents refer to the same crime. Moreover, they consistently describe the charged offense as
manslaughter, the offense stated in the governor's warrant. We conclude that the Arizona documents fully
support the governor's warrant of extradition. Point of error two is overruled.

The order of the district court is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 15, 1998

Do Not Publish



Austin resident for fifteen years, has a Texas driver's license, and has lived at the
same address for the past seven years. The governor's extradition warrant was issued on May 19, 1997,
and Ponce was arrested shortly thereafter.

By his first point of error, Ponce contends the district court should have ordered his release
because of the "unconscionable delay" between his arrest in 1990 and his arrest on the governor's warrant
in 1997. He argues that in extradition proceedings, the courts of the asylum state have a responsibility to
insure against government action that shocks the conscience under due process standards. See Quintero
v. State, 761 S.W.2d 438, 440 (Tex. App.--El Paso 1988, pet. ref'd). Assuming this is true, there is no
evidence before us that Ponce has been subjected to physical, mental, or emotional mistreatment of any
kind. See id. Ponce's argument under this point of error reduces to the contention that he has been denied
his constitutional right to a speedy trial on the Arizona indictment. U.S. Const. Amend. VI.

Once the governor of the asylum state has granted extradition, a court considering release
on habeas corpus is limited to a determination whether the extradition documents are facially in order,
whether the applicant has been charged with a crime in the demanding state, whether the applicant is the
person named in the request for extradition, and whether the applicant is a fugitive. Michigan v. Doran,
439 U.S. 282, 288-89 (1978); State ex rel. Holmes v. Klevenhagen, 819 S.W.2d 539, 543 (Tex. Crim.
App. 1991). The court is without authority to consider equitable issues during the habeas corpus hearing. 
Holmes v. Klevenhagen, 819 S.W.2d at 543. Whether Arizona has afforded Ponce the speedy trial to
which he is constitutionally entitled is a defensive issue that is not a proper concern of the Texas courts. 
See Ex parte McConnell, 726 S.W.2d 632, 634 (Tex. App.--Fort Worth 1987, no pet.). Point of error
one is overruled.

Ponce's second point of error asserts that the governor's warrant was unlawfully issued. 
The warrant recites that Ponce stands charged in Arizona with the crime of manslaughter. The warrant is
regular on its face and is sufficient to establish a prima facie case for extradition. Ponce argues, however,
that this prima facie case is defeated by the supporting papers. See Ex parte Robbins, 575 S.W.2d 27,
28 (Tex. Crim. App. 1978). He bases this argument on an inconsistency within these documents regarding
the punishment category to which the offense of manslaughter belongs under Arizona law. The Arizona
governor's requisition and the underlying application for requisition state that Ponce has been indicted for
manslaughter, "a class 2 felony." But the Arizona indictment itself, as well as the arrest warrant and the
affidavit of a Phoenix police officer, describe the offense as ma